SCHUG v. WAGNER.

(Supreme Court, Appellate Term. June 21, 1912.)

1. SALES (§ 430*)—WARRANTY—ACTION FOR BREACH—ACCEPTANCE OF GOODS.
   A question of acceptance by a buyer of machines is irrelevant in an action by him for breach of warranty.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1230, 1231; Dec. Dig. § 430.*]

2. SALES (§ 442*)—BREACH OF WARRANTY—DAMAGES—LOSS OF PROFITS.
   In an action for breach of warranty of machines sold, it was improper to award damages arising from loss of profits on articles which might have been manufactured by the machines, where plaintiff had no orders or contracts for the sale of such articles, though he had done an extensive business in the same class of goods, which he had previously manufactured by hand.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

Appeal from City Court of New York, Trial Term.

Action by Henry Schug against Charles Wagner. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Harry S. Wallenstein, of New York City, for appellant.
J. Franklin Tausch, of New York City, for respondent.

BIJUR, J. This action was brought to recover damages for breach of warranty connected with the sale of two machines by defendant to the plaintiff.

[1] The defendant raises questions as to the making of the warranty, but I think they were properly resolved by the jury in plaintiff's favor. The question of the acceptance of the machine is, as matter of law, irrelevant to an action for a breach of warranty. So, also, the issue as to the breach of warranty was, I think, upon the evidence, properly decided in plaintiff's favor.

[2] It is plain, however, that the verdict was excessive. Plaintiff adequately proved certain damages arising out of loss of wages paid and material destroyed through the defects against which the warranty had been given, and a verdict for the amount and value thereof would

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have been proper. The record is plain as to the amount of such damage. The jury, however, manifestly awarded consequential damages arising out of loss of profits on the articles which were to have been manufactured by the machines sold. It is conceded that plaintiff had no orders or contracts for the sale of these articles. He showed only that he had done an extensive business in the same class of goods, which he had previously manufactured by hand, and his principal witness on this branch of the case, a former customer, testified in this regard as follows:

"Q. Had Mr. Schug been able to furnish you with machine-made ribbon blocks, would you have continued to trade with him?  A. Everything being equal, probably we would have."

Plaintiff's counsel appeals to the rule laid down by the Court of Appeals in Wakeman v. Wheeler & Wakeman Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676, as justification for the recovery of consequential damages under these circumstances. In that case, however, the plaintiff, who had a contract to sell machines in Mexico, practically as the agent of defendant, was permitted to recover for breach of contract by defendants consisting in refusal to fill plaintiff's further orders. The correct rule as to damages (in that case measured by the value of the contract to the plaintiff) is tersely stated in the headnote:

"The rule that damages which are contingent and uncertain cannot be recovered embraces only such as are not the certain *result* of the breach; not such as are the certain result, but uncertain *in amount*."

Further light on this distinction is cast by the citation in the opinion of the views of Grover, J., in Taylor v. Bradley, 39 N. Y. 129, 100 Am. Dec. 415, reported in 4 Abb. Dec. 363. Judge Grover says in part:

"Profits which would certainly have been realized but for the defendant's default are recoverable. * * * It is not an uncertainty as to the *value* of the benefit or gain to be derived from performance, but an uncertainty or contingency *whether such gain or benefit would be derived at all.* * * * It is sometimes said that speculative damages cannot be recovered because the amount is uncertain, but such remarks will generally be found applicable to such damages as it is uncertain *whether sustained at all* from the breach."

He further points out that the objection is sometimes as aptly denominated "remoteness" as "uncertainty."

Applying this distinction to the case at bar, it is evident that plaintiff failed, when measured by this rule, to prove that he lost any profits by reason of the breach of defendant's warranty. He had no orders for the goods to be manufactured, and all that he proved was that by the breach he was deprived of the opportunity to manufacture goods which he had good reason to hope that he could sell.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.